**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 27 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONAVAN TROY FORTIN, | No.   16-35708 |
| Petitioner-Appellant, | D.C. No. 3:07-cv-00633-PK |
| v. | |
| MARK NOOTH, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 8, 2018
Portland, Oregon

Before:  GRABER and M. SMITH, Circuit Judges, and KORMAN,** District
Judge.

In 2002, Donavan Troy Fortin was convicted of sex offenses against two

minor girls.  In this habeas petition, Fortin challenges his convictions relating to

the younger victim, SD.  The district court denied the petition with prejudice and

---

  \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  \*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Fortin appealed, arguing that his two claims of prosecutorial misconduct are not barred due to procedural default and that he is entitled to an evidentiary hearing on those claims, as well as on a freestanding claim of actual innocence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Fortin's prosecutorial misconduct claims are procedurally defaulted because, as he concedes, they were not properly raised in his state post-conviction proceeding. *See Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (en banc). Fortin argues that we may consider them nonetheless due to an absence of state corrective process, because Oregon "categorically exempts [such] claims from post-conviction review." However, the Oregon court's statement that Fortin's allegations "wouldn't be a basis for [post-conviction relief] even if proven," fairly read in context, does not suggest that prosecutorial misconduct claims are not cognizable in Oregon post-conviction proceedings. *See* Or. Rev. Stat. § 138.530(1)(a) (authorizing post-conviction relief based on violation in criminal proceedings "of petitioner's rights under the Constitution of the United States"); *Berg v. Nooth*, 359 P.3d 279, 285 (Or. Ct. App. 2015) (reviewing and denying on the merits a post-conviction claim of prosecutorial misconduct).

2. Fortin cannot make a sufficient showing of actual innocence to excuse his procedural default. *See Smith*, 510 F.3d at 1139 (citing *Schlup v. Delo*, 513 U.S. 298, 315–16 (1995)). On its own, SD's recantation of her trial testimony would be

highly exculpatory, but she thoroughly retracted that recantation in her deposition under oath. Evidence that SD reached out to Fortin's family to recant is not inconsistent with SD's deposition testimony that she was motivated to recant in order to end years of occasional harassment by Fortin's family, and the absence of police reports does not disprove that alleged harassment. Information on a drug rehabilitation program SD attended, which Fortin argues substantiates SD's claim in her recantation that she was motivated to make amends as part of the program, is not particularly probative.

Finally, Officer Kenneth Real's testimony regarding the November 10 date that appears in his police report is not strongly exculpatory. In order to credit Officer Real's post-conviction testimony that SD told him the November 10 date, a juror would have to discredit or discount sworn testimony from several witnesses. Even if a juror did credit that testimony, the importance of Fortin's alibi evidence regarding that date is lessened by the possibility that SD might have been mistaken about the exact day on which she was allegedly raped more than a month prior to her interview with Officer Real. And Fortin's alibi defense does not clearly bolster his new consent defense based on SD's recantation. The new evidence Fortin points to fails to establish that "it is more likely than not that no reasonable juror would convict him of the relevant crime[s]." *Smith*, 510 F.3d at 1140. Accordingly, we may not consider Fortin's procedurally defaulted claims of

3

prosecutorial misconduct.

3. The district court did not err in denying Fortin an evidentiary hearing on his freestanding claim of actual innocence. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005). Assuming *arguendo* that such a claim is cognizable in federal habeas, *see Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014), it would require "more convincing proof of innocence" than the showing required under *Schlup* to overcome procedural default, *House v. Bell*, 547 U.S. 518, 555 (2006). The new evidence Fortin would present at a hearing is not significantly different from evidence already in the record, which, as discussed above, is not sufficient to meet even the *Schlup* standard. *See Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003). Even if Fortin presented that evidence and it were credited in its entirety, the totality of the evidence would not compel the conclusion that Fortin is actually innocent of any of the offenses of which he was convicted.

**AFFIRMED.**

4